IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

LARRY L. MCCARTY, SR.                                                                       PLAINTIFF

versus                                                              CIVIL ACTION NO. 2:06cv4-KS-MTP

DR. VANCE MCKELLAR,
SHERIFF BILLY MCGEE, GLEN NOBLES,
AND RUBY BUNKHEILA                                                                     DEFENDANTS

OPINION AND ORDER

THIS MATTER is before the court on the separate motions for summary judgment filed by Dr. Vance McKellar [50] and by Forrest County,[1] Sheriff Billy McGee, Glen Nobles and Ruby Bunkheila [53]. Having reviewed the submissions of the parties and the applicable law, for the reasons set forth below the court finds that the motions are well-taken and should be granted and that plaintiff's claims against all defendants should be dismissed with prejudice.[2]

FACTUAL BACKGROUND

Plaintiff Larry L. McCarty, Sr. filed suit *pro se* on January 5, 2006, pursuant to 42 U.S.C. § 1983. In his complaint, plaintiff asserts that he received inadequate medical care relating to

---

[1] Originally, plaintiff sued the Forrest County Jail, which was dismissed by the court by order dated May 17, 2006 [11]. The reason for the dismissal was that under state law, the jail is an extension of the county rather than a separate legal entity that may be named as a party in an action. In the motion for summary judgment, Forrest County noted that plaintiff had incorrectly identified the jail as a defendant, and that it was the proper defendant. Plaintiff has never amended his complaint to add Forrest County as a defendant; however, for the purposes of deciding the motions for summary judgment, the court will assume that Forrest County is a proper defendant in this action.

[2] The parties having consented to disposition by the Magistrate Judge [33], the court is authorized to enter final judgment pursuant to Fed. R. Civ. P. 73 and Local Rule 73.1.

while a pre-trial detainee at the Forrest County Jail.[3]  Specifically, plaintiff alleges that defendants violated his Eighth Amendment rights by failing to surgically remove a testicular cyst.  Plaintiff seeks $20,000 in damages from each defendant, as compensation for the pain he suffered.  The facts relating to the alleged inadequate medical treatment are as follows:

Plaintiff alleges that on November 9, 2005, he requested medical treatment because he had discovered a knot on his left testicle which was sore and painful.[4]  Plaintiff alleges that he was seen by Dr. Vance McKellar, a physician under contract with Forrest County to provide basic medical care as needed to inmates at the Forrest County Jail.  Dr. McKellar prescribed antibiotics to plaintiff.  After completing one full cycle of antibiotics, plaintiff submitted another request for medical care, complaining that his pain was still persisting.  Dr. McKellar again examined plaintiff, diagnosed him with an epididymal cyst on the left testicle and ordered that he be seen by Dr. David Stout, a urologist at the Hattiesburg Clinic.  Plaintiff was seen by Dr. Stout on December 22, 2005.  Dr. Stout's clinic notes state that plaintiff had a benign spermatocele on his left testicle.  Dr. Stout specifically noted that plaintiff's condition was "non-emergent" and that while it could be surgically repaired, such a surgery would be considered "elective" and could be done on an outpatient basis if the county wanted to pay for it.  On December 28, 2005, Dr. McKellar reviewed Dr. Stout's notes and acknowledged his diagnosis.  Dr. McKellar also saw plaintiff on that date.  Dr. McKellar's clinic notes that plaintiff had a "non-emergent lesion, no evidence of cancer or need for emergent removal."  The surgery was not performed.

---

[3] Plaintiff was incarcerated at the Forrest County Jail from September 28, 2005 until June 9, 2006, awaiting trial on a burglary charge.  Plaintiff pled guilty to the charge and is currently serving a seven-year sentence at the East Mississippi Correctional Facility.

[4] Plaintiff's medical records reveal that he was aware of the knot prior to his incarceration in the Forrest County Jail.  In March 2005, plaintiff was admitted to the emergency room at Forrest General Hospital after complaining about the knot, was informed that the knot was benign, and was discharged with instructions to follow up with Dr. David Stout.  Apparently, plaintiff did not do so.

STANDARD FOR SUMMARY JUDGMENT

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  Summary judgment is proper  "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof." *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir. 1988).  "A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Id.*

This court may grant summary judgment only if, viewing the facts in a light most favorable to the plaintiff, the defendant demonstrates that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995).  If the defendant fails to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. State of Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985).  The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must  "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *Id.* at 712 (quoting *U.S. Steel Corp. v. Darby*, 516 F.2d 961, 963 (5th Cir. 1975)).

There must, however, be adequate proof in the record showing a real controversy regarding material facts.  "Conclusory allegations," *Lujan v. National Wildlife Federation*, 497 U.S. 871, 902 (1990), unsubstantiated assertions, *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994), or the presence of a "scintilla of evidence," *Davis v. Chevron U.S.A.*, *Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994), is not enough to create a real controversy regarding material facts.  In the

3

absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis omitted).

## ANALYSIS

Section 1997e(e) of the Prison Litigation Reform Act

Defendants argue that plaintiff's claims are barred by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997, *et seq.* Section 1997e(e) of the PLRA provides that "no federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injuries suffered while in custody without a prior showing of physical injury." "Physical injury" is not defined in the statute. The Fifth Circuit has held that "well established Eighth Amendment standards" must guide courts' determinations as to whether a prisoner has sustained a physical injury. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). That is, the physical injury "more than *de minimus*, but need not be significant." *Id.* (*citing Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). Plaintiff's only allegations as to physical injury stemming from the failure to perform the surgery are that he was in a lot of pain and discomfort and had trouble urinating. Defendants argue that these allegations are insufficient to establish physical injury within the meaning of the PLRA. However, for the purposes of these motions, the court will assume without deciding that plaintiff has made a sufficient showing of "physical injury."

Sheriff McGee, Sergeant Nobles and Nurse Bunkheila - Qualified Immunity

At an omnibus hearing held on December 19, 2006, pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), plaintiff clarified that he was suing these defendants in their individual capacities only. As such, these defendants have raised the defense of qualified immunity.

Qualified immunity provides government officials performing discretionary functions

4

with a shield against civil damages liability, so long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Gobert v. Caldwell*, 463 F.3d 339, 345 (5th Cir. 2006) (citation omitted). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Accordingly, an official is not entitled to qualified immunity only where: 1) plaintiff has demonstrated a violation of a clearly established federal constitutional or statutory right and 2) the official's actions violated that right to the extent that an objectively reasonable person would have known. *Id.* (citations omitted). A party seeking damages from an official asserting qualified immunity bears the burden of overcoming that defense. *Gobert*, 463 F.3d at 346 n.14 (citations omitted).

"Prison officials violate the constitutional proscription against cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs, as doing so constitutes unnecessary and wanton infliction of pain." *Davidson v. Texas Dep't of Criminal Justice*, 91 Fed. Appx. 963, 964 (5th Cir. Mar. 19, 2004), *cert. denied*, 543 U.S. 864 (2004), (*citing Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). The Fifth Circuit has noted that deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (*quoting Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)). An official acts with deliberate indifference only when he or she knows of and disregards an excessive risk to a prisoner's health or safety. *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999) (citations omitted). To successfully make out a showing of deliberate indifference, plaintiff must "submit evidence that prison officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any other similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Davidson*, 91 Fed. Appx. at 965 (*quoting Domino*, 239 F.3d at 756). "Unsuccessful medical treatment, ordinary acts of negligence, or medical malpractice do not constitute a cause of action under § 1983."

5

*Davidson*, 91 Fed. Appx. at 965 (*citing Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999)). Additionally, a prisoner's mere disagreement with the treatment he received will not stand as a basis for § 1983 liability, absent extraordinary circumstances. *Id.* (*citing Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995)).

The undisputed evidence shows that plaintiff was examined on more than one occasion by Dr. McKellar, was treated conservatively with antibiotics, and then sent to a specialist, Dr. Stout. Dr. Stout agreed with Dr. McKellar's diagnosis and stated that plaintiff's condition was non-emergent and any surgery to repair it would be elective. The gravamen of plaintiff's complaint is that he should have been provided elective surgery, rather than the conservative treatment he was given. However, this is not a basis for section 1983 liability. Moreover, Nurse Bunkheila, Staff Sergeant Nobles and Sheriff McGee all averred in their affidavits that they understood plaintiff's condition was not an emergency, that surgery was elective, and that no information provided to them by Dr. McKellar, Dr. Stout or anyone else indicated that failure to provide the surgery presented any risk to plaintiff, let alone an "excessive risk." There is simply no evidence that any of these defendants acted with deliberate indifference to plaintiff's serious medical needs.

Additionally, a factor that impacts the deliberate indifference analysis is the length of time the prisoner was in custody. *See Washington v. Medical Staff T.C.S.O.*, 2006 WL 2052848, at * 5 (W.D. Tex. July 21, 2006). In the instant case, plaintiff was incarcerated at the Forrest County Jail from September 28, 2005 until June 9, 2006, and he did not complain about testicular pain until November 2005. Given the short period of time plaintiff was in Forrest County's custody, and the non-emergency, elective nature of the surgery, for these reasons, as well, plaintiff has failed to establish deliberate indifference.

Nor can plaintiff establish that the right to elective surgery is "clearly established." The Fifth Circuit has explained that a law is clearly established if it is sufficiently clear that a

reasonable official would understand that what he [or she] is doing violates that right." *Easter v. Powell*, 467 F.3d 459, 465 (5th Cir. 2006) (*citing Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).  The Fifth Circuit has yet to address the issue of whether the denial of medical care classified as "elective" constitutes cruel and unusual punishment, and other courts that have addressed the issue remain split.  *See Washington v. Medical Staff T.C.S.O.*, 2006 WL 2052848, at * 5 (W.D. Tex. July 21, 2006) (discussing cases).  Thus, plaintiff cannot establish that defendants violated a clearly established constitutional right or that they violated his rights to the extent that an objectively reasonable person would have known.

<u>Claims Against Dr. McKellar</u>

For the reasons set forth above with respect to the other defendants, plaintiff has not established that Dr. McKellar acted with deliberate indifference to his serious medical needs.

Moreover, as clarified at the *Spears* hearing, plaintiff's complaints about Dr. McKellar have nothing to do with the medical care he provided plaintiff but, rather, that Dr. McKellar would not authorize the surgery. However, Dr. McKellar provided medical services, as needed, to inmate at the Forrest County Jail, pursuant to an Agreement for Medical Services between Southern Neurological and Spinal Institute (the "Clinic") and Forrest County, Mississippi.  That Agreement provides that the Clinic shall provide a physician and nurse to provide basic medicare care, but that "[t]he Clinic is, and will continue to be throughout the term of this Agreement for Medical Services, an independent professional contractor and not an employee or agent of Forrest County, the Board of Supervisors or the Sheriff's Department."  In an Affidavit submitted in support of his motion for summary judgment, Dr. McKellar averred that pursuant to his independent professional contractor status, he had no authority, on behalf of Forrest County, to authorize payment of an elective procedure to be performed on plaintiff by Dr. Stout. Accordingly, Dr. McKellar cannot be responsible for the jail's refusal to have the surgery performed.

<u>Claim against Forrest County</u>

The Supreme Court has held that in order to hold a local governmental entity liable under section 1983, plaintiff must prove that a policy, custom or practice of the local governmental entity was the "moving force" behind the constitutional violation. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *see also Grabowski v. Jackson Cty. Public Defenders Office*, 79 F.3d 478, 479 (5th Cir. 1996) ("A municipality or county can be held accountable to a pretrial detainee for a due process violation resulting from an employee's acts only if the harmful acts resulted from a policy or custom 'adopted or maintained with objective deliberate indifference to the detainee's constitutional rights.'" (citations omitted).

Plaintiff has neither alleged, nor is there any evidence, that there was any policy, custom or practice of Forrest County that was the moving force behind the alleged constitutional violation. Nor, for that matter, has plaintiff established that there were any constitutional violations. Accordingly, there is no basis for section 1983 liability against Forrest County.

## CONCLUSION

For the reasons stated above, this court finds that Dr. Vance McKellar's motion for summary judgment should be granted, that Forrest County, Sheriff Billy McGee, Glen Nobles and Ruby Bunkheila's motion for summary judgment should be granted, and that plaintiff's claims against all defendants should be dismissed with prejudice.

IT IS , THEREFORE, ORDERED AND ADJUDGED that Dr. Vance McKellar's motion for summary judgment [50] is granted, Forrest County, Sheriff Billy McGee, Glen Nobles and Ruby Bunkheila's motion for summary judgment [53] is granted, and plaintiff's claims against all defendants are dismissed with prejudice. A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein.

IT IS FURTHER ORDERED AND ADJUDGED that all other pending motions, if any, are dismissed with prejudice.

SO ORDERED AND ADJUDGED on this the 29th day of October, 2007.

                                            s/ Michael T. Parker
                                            United States Magistrate Judge